In the two above-mentioned suits plaintiff seeks to recover reasonable and entire compensation for the alleged unauthorized use or manufacture by or for -defendant of a patented invention relating to liquid level gauges, alleging specifically infringement of claims 1-6, 10 and 12 of U.S. Reissue Patent No. 23,493, entitled “Liquid Level Gauge,” reissued to Abraham Edelman on May 20, 1952. The parties agreed to defer trial of any accounting issues until the issues of infringement, validity and notice of infringement were decided. The commissioner’s opinion and finding of fact on these issues were filed April 21, 1967, in which the commissioner concluded that claims 10 and 12 of reissue patent 23,493 were invalid, that claims 1-6 were valid ■and have been infringed by defendant’s unauthorized use of the Avien 1953 gauge, but have not been infringed by defendant's use of either the Avien 1954 gauge or the Avien Two- *970 Unit gauge, that plaintiff is entitled to recover for the use of the Avien 1953 gauge, and he recommended that judgment be entered to that effect with the amount to be determined in-further proceedings. On January 29,1968, a written stipulation of settlement signed by the plaintiff’s attorney of record,, by an Assistant Attorney General of the United States, and by defendant’s attorney of record was filed with the court, providing in part that the plaintiff had submitted a written offer to settle the suits by fully releasing the Government from all liability for past, present, and future use, by and for the Government, of fuel measuring devices covered by Reissue Patent No. 23,493 for the sum of $250,000.00, and that the United States, by its Assistant Attorney General, had approved and duly accepted that offer, and that the parties had therefore agreed to allow judgment to be entered in favor of plaintiff and against the United States in full settlement of all claims in both suits for the sum of $250,000.00. On January 30, 1968, the commissioner of the court filed his memorandum report for entry of judgment in the amount of $250,000.00 with interest at four percent from the date of judgment to the date of payment. The case then came before the court on defendant’s motion, filed February 2, 1968, for an order directing the entry of judgment for the plaintiff in the sum of $250,000.00 in accordance with the stipulation of the parties filed on January 29, 1968, and setting aside and vacating that portion of the trial commissioner’s memorandum report filed January 30,1968, and providing for interest at the rate of 4 percent on said judgment from the date thereof to the date of payment. Upon consideration thereof, together with the opposition of plaintiff thereto, without oral argument and in conformity with and on the basis of the order of the court entered on March 17, 1967, in the case of Regent Jack Mfg. Co. v. United States, 179 Ct. Cl. 924, the court on March 11, 1968, ordered that defendant’s motion be granted and that in accordance with the stipulation of the parties filed on January 29,1968, judgment be entered for plaintiff in the sum of $250,000.00.